ERIC GRANT
United States Attorney
ANTONIO J. PATACA
JUSTIN GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00055-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION VACATING TRIAL DATE AND SETTING CHANGE OF PLEA HEARING |
| v. | |
| ARNOLD HUERTA, | |
| Defendant. | |

**STIPULATION**

1.  By previous order, this matter was set for trial on February 3, 2026.

2.  By this stipulation, defendant now moves to vacate the trial date as to him only and set a change of plea hearing on March 16, 2026, and to exclude time between February 3, 2026, and March 16, 2026, under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel, and/or made available for

1

1   inspection and copying. The government has also produced multiple batches of supplemental

2   discovery.

3         b)    A plea agreement was filed in this case.

4         c)    Counsel for defendant desires time to consult with his to prepare for the change of

5   plea hearing and conduct investigation into matters of mitigation and extenuation for sentencing.

6         d)    Counsel for defendant believes that failure to grant the above-requested

7   continuance would deny him the reasonable time necessary for effective preparation, taking into

8   account the exercise of due diligence.

9         e)    The government does not object to the continuance.

10        f)    Based on the above-stated findings, the ends of justice served by continuing the case

11  as requested outweigh the interest of the public and the defendant in a trial within the original date

12  prescribed by the Speedy Trial Act.

13  4.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,

14  within which trial must commence, the time period of February 3, 2026, to March 16, 2026, inclusive, is

15  deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) because it results from a

16  continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of

17  justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

18  trial.

19  5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

20  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

21  must commence.

22  IT IS SO STIPULATED.

Dated:  January 8, 2026                      ERIC GRANT
                                             United States Attorney

                                             /s/ ANTONIO J. PATACA
                                             ANTONIO J. PATACA
                                             Assistant United States Attorney

2

Dated: January 8, 2026

/s/ CHRISTOPHER MARTENS
CHRISTOPHER MARTENS
Counsel for Defendant
ARNOLD HUERTA

**ORDER**

IT IS SO ORDERED.

Dated: __**January 8, 2026**__

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE