ERIC GRANT
United States Attorney
ANTONIO J. PATACA
JUSTIN GILIO
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>ARNOLD HUERTA,<br><br>                              Defendant. | CASE NO.  1:24-CR-00055-JLT-SKO<br><br>STIPULATION CONTINUING CHANGE OF PLEA HEARING |

**STIPULATION**

1.     By previous order, this matter was set for change of plea hearing on March 16, 2026.

2.     By this stipulation, defendant now moves to schedule a continued change of plea hearing on March 23, 2026, and to exclude time between March 16, 2026, and March 23, 2026, under Local Code T4.

3.     The parties agree and stipulate, and request that the Court find the following:

a)     The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel, and/or made available for

1

inspection and copying. The government has also produced multiple batches of supplemental discovery.

b)    A plea agreement was filed in this case.

c)    Counsel for defendant desires time to consult with his to prepare for the continued change of plea hearing.

d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)    The government does not object to the continuance.

f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 16, 2026, to March 23, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 16, 2026

ERIC GRANT
United States Attorney

/s/ ANTONIO J. PATACA
ANTONIO J. PATACA
Assistant United States Attorney

2

Dated:  March 16, 2026

/s/ CHRISTOPHER MARTENS
CHRISTOPHER MARTENS
Counsel for Defendant
ARNOLD HUERTA

**ORDER**

IT IS SO FOUUND.

IT IS SO ORDERED.

Dated:   **March 17, 2026**

UNITED STATES DISTRICT JUDGE

3